# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION; CAUSE NO. 2:22-cv-39

**SYLVIA EVERETT, ADMINISTRATOR**
**FOR THE ESTATE OF MARION**
**NEWSOME**                                                     **PLAINTIFF**

**v.**

**ACCORDIUS HEALTH AT CREEKSIDE**
**CARE, LLC**                                                    **DEFENDANT**

## NOTICE OF REMOVAL

**COMES NOW**, Defendant, Accordius Health at Creekside Care, LLC d/b/a Accordius Health at Creekside Care (hereinafter "Accordius Creekside"), by and through counsel, and hereby gives notice of removal of the above-entitled action, which is filed as Civil Action Number 22-CVS-0223 in the General Court of Justice, Superior Court Division of Hertford County, North Carolina, from said Court to the United States District Court for the Eastern District of North Carolina. This Notice of Removal is filed pursuant to 28 U.S.C. §1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

## CIVIL ACTION REMOVED

1. Civil Action Number 22-CVS-0223 in the General Court of Justice, Superior Court Division for Hertford County, North Carolina, which is styled "*SYLVIA EVERETT, ADMINISTRATOR FOR THE ESTATE OF MARION NEWSOME v. ACCORDIUS HEALTH AT CREEKSIDE CARE, LLC*", is a civil action that was filed on August 18, 2022.

## DIVERSITY OF CITIZENSHIP

2. Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when a civil action is between citizens of different states and the amount in controversy exceeds $75,000.00.

3. According to the Complaint, Plaintiff, Sylvia Everett, was appointed the Administrator of the Estate of Marion Newsome by the Clerk of Superior Court of Hertford County. *See*, Complaint attached hereto as **Exhibit 1**. Plaintiff alleges that Marion Newsome suffered injuries that led to her death during her residency at Accordius Health at Creekside in Ashokie, Hertford County, North Carolina, and has filed this medical negligence and wrongful death action related thereto. As such, Plaintiff is a resident of North Carolina.

4. Defendant Accordius Health at Creekside Care, LLC, d/b/a Accordius Health at Creekside Care ("Accordius Creekside") is a limited liability company. A limited liability company is a citizen of all states in which one of its members is a citizen. *See*, *Saxon Fibers, LLC v. Wood*, 118 Fed. Appx. 750, 753 (4th Cir. 2005) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F. 3d 114, 120 (4th Cir. 2004)).

5. Defendant Accordius Health at Creekside Care, LLC, d/b/a Accordius Health at Creekside Care is a North Carolina limited liability company. The company's sole members are Naftali Zanziper, a resident of New York, and Simcha Hyman, a resident of New York. Therefore, Accordius Creedside is a resident of New York.

6. As a result of the foregoing facts, complete diversity of citizenship exists between the parties as defined by 28 U.S.C. §1332(a)(l).

**FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT**

7. Plaintiff's Complaint alleges that Accordius Creekside is liable to Plaintiff under medical negligence and wrongful death claims resulting in personal injuries that were associated with the care provided to Ms. Newsome and resulting in her death while she was a resident of Accordius Creekside.

8. Plaintiff seeks compensation for alleged injuries that include compensatory damages under claims of ordinary negligence, medical negligence and wrongful death. *See* Exhibit 1, at p. 6. Plaintiff claims as a result of Defendant's negligence, she is entitled to recover for wrongful death damages in excess of $25,000.00 as well those compensatory damages for pain, suffering, torment, destruction of dignity, mental anguish, physical impairment, loss of enjoyment of life, disfigurement, medical expenses incurred by the decedent in an amount in excess of $25,000.00. *Id.* at p. 13. Finally, Plaintiff seeks to recover punitive damages for the alleged willful and wanton conduct by the Defendant. *Id.* at p. 12.

9. North Carolina does not permit a demand for a specific sum and, therefore, this case is removable even though the Plaintiff has not pled damages in excess of $75,000.00, pursuant to 28 U.S.C. §1446(c)(2). *See* N.C.Gen.Stat. §lA-1, Rule 8(a)(2)(providing that "[i]n all negligence actions ... wherein the matter in controversy exceeds the sum or value of twenty-five thousand dollars ($25,000) the pleadings shall not state the demand for monetary relief but shall state that the relief demanded is for damages incurred to be incurred in excess of ten thousand dollars.").

10. Based on the type and severity of the injuries alleged, and the request for punitive damages, the amount in controversy exceeds $75,000.00, exclusive of costs and interest, as required by 28 U.S.C. § 1332. Accordingly, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## TIMELINESS OF REMOVAL

11. Accordius Creekside was served with process on August 29, 2022. Therefore, thirty days have not elapsed since the first Defendants were served with process or became aware that federal jurisdiction exists, and this removal is timely pursuant to 28 U.S.C. §1446(b).

## COPIES OF STATE COURT PROCEEDINGS

12. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached hereto a true and correct copy of all process, pleadings, and orders served upon this Defendant on file in 22-CVS-0223 in the General Court of Justice, Superior Court Division for Hertford County, North Carolina. *See* Exhibit 1. This Defendant has also requested an Exemplified Copy of All State Court Papers to be supplemented with **Exhibit 2** attached hereto.

## NOTICE TO STATE COURT

13. Defendant will immediately file with the Superior Court of Hertford County, North Carolina, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. According to 28 U.S.C. §1446(d), no further proceedings shall be had in Hertford County.

## NOTICE TO PLAINTIFF

Pursuant to 28 U.S.C. §1446(a) and consistent with the Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant has filed a separate Corporate Disclosure Statement.

Respectfully submitted this, the 27th day of September, 2022.

> **ACCORDIUS HEALTH AT CREEKSIDE CARE, LLC, d/b/a ACCORDIUS HEALTH AT CREEKSIDE CARE, Defendant**
>
> By: HAGWOOD AND TIPTON, PC
>
> *By: /s/ Michael E. Phillips*
> Michael E. Phillips (NCSB No. 45198)

Hagwood and Tipton PC
2015 Ayrsley Town Boulevard, Suite 202
Charlotte, NC 28273
Telephone: (704) 280-8562
Facsimile: (601) 362-3642
Email: mphillips@hatlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

\_\_\_\_ Hand delivering a copy hereof to the attorney for each said party addressed as follows:

__X__ Depositing a copy hereof, postage paid, in the United States Mail, addressed to the attorney for each said party as follows:

__X__ Via electronic mail addressed to the attorney for each party as follows:

\_\_\_\_ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

\_\_\_\_ Telecopying a copy hereof to the attorney for each said party as follows:

William H. Barfield, Esq. (NC Bar No. 56843)
MCDONALD WORLEY, PC
1770 St. James Place, Ste. 100
Houston, Texas 77056
Tel: (713) 523-5500
NHLitigation@mcdonaldworley.com
*Attorneys for Plaintiff*

This, the 27th day of September, 2022.

/s/ *Michael E. Phillips*
Michael E. Phillips

5